UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 00-4344

JOSEPH CECIL GARDNER, JR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-99-47)

Submitted: November 28, 2000

Decided: January 3, 2001

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Terence Lee Taylor, CANNON & TAYLOR, L.L.P., Greenville, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Felice McConnell Corpening, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

___

## OPINION

PER CURIAM:

Joseph Cecil Gardner, Jr., appeals his convictions after a jury found him guilty of conspiracy to commit larceny of firearms, in violation of 18 U.S.C.A. § 371 (West 2000); larceny of firearms, in violation of 18 U.S.C.A. § 922(u) (West 2000), 18 U.S.C. § 2 (1994); possession of stolen firearms, in violation of 18 U.S.C.A. § 922(j) (West 2000), 18 U.S.C. § 2; and possession of firearms by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). He contends that the district court abused its discretion in admitting testimony of his resistance to arrest because it was irrelevant and unduly prejudicial. *See* Fed. R. Evid. 401, 403. We affirm.

After reviewing the trial testimony, we find that the testimony regarding Gardner's behavior at arrest is relevant to consciousness of guilt. *See* Fed. R. Evid. 401; *United States v. Clark*, 45 F.3d 1247, 1250 (8th Cir. 1995) (recognizing that "[i]t is universally conceded today that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself") (internal quotation marks and citation omitted). Moreover, the testimony is not so prejudicial as to warrant exclusion under Rule 403. *See United States v. Van Metre*, 150 F.3d 339, 351 (4th Cir. 1998) (interpreting Rule 403 to require exclusion of evidence "'only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence'") (quoting *United States v. Powers*, 59 F.3d 1460, 1467 (4th Cir. 1995)). Thus, the district court did not abuse its discretion in admitting the testimony regarding Gardner's behavior at arrest.* *See United States v. Hassouneh*, 199 F.3d 175, 183 (4th Cir. 2000) (stating standard of review).

___

*Even assuming, as Gardner suggests, that the district court improperly admitted testimony regarding his behavior at arrest, we find that any error was harmless. *See United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (providing standard).

Accordingly, we affirm Gardner's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*